STATE OF MAINE
SOMERSET, SS.

REC'D & FILED
Wendy M. Robinson
FEB ...
Clerk of Courts
Somerset County

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO.: CR-04-180

STATE OF MAINE

V.

REC'D & FILED
Wendy M. Robinson
FEB 28 2005
Clerk of Courts
Somerset County

DECISION

DANE PAQUETTE

APR 26 2005

Before this court is the defendant's Motion to Suppress Identification. Paul Sumberg, Esq. appeared on behalf of the defendant, and James Mitchell, Assistant District Attorney appeared on behalf of the State of Maine.

## Facts

On February 19, 2004, Kevin Phillips reported to the police that he was assaulted by an unknown individual. The victim indicated that the assailant wore a baseball cap, looked Puerto Rican, and had a goatee. On February 26, 2004, Officer Kelley Hooper interviewed the victim and presented him a photo array containing six photos. (State's Exhibit #2)

The victim could not identify anyone in the photo array. The photo array contained three individuals with goatees. One of the photos had an individual with chin hair.

On March 4, 2004, Officer Franklin Jennings, interviewed the victim with a new photo array. (State's Exhibit #1). In this photo array two of the individuals had goatees, two were clean-shaven, one had a goatee and a beard and the defendant had chin hair. The alleged victim identified the defendant out of this photo array.

## Legal Standard

When there is a question surrounding an out-of-court identification by way of photo array or line-up, the court must first determine whether the police used an unnecessarily suggestive procedure in obtaining the out-of-court identification. If the court finds that the line-up was unnecessarily suggestive, then the court has to determine the totality of the circumstances and make a decision as to whether the suggestive

procedure gave rise to a substantial likelihood of misidentification. State v. Boucher, 376 A.2d 478 (Me. 1977) and Neil v. Biggers, 409 U.S. 188 (1972).

In the first step of the analysis the burden is upon the defense to prove by a preponderance of the evidence that the pretrial identification procedure was unnecessarily suggestive. Since this court finds that the photo array was not overly suggestive, the court does not have to proceed to the second part of the two-step process.

The court finds that the pretrial procedure was not suggestive because the defendant's photos did not make him stand out from the others for any particular reason. The defense argues that in the photo array contained in Defendant's Exhibit #1, the defendant is the only individual with chin hair. However, it is necessary to examine all of the photos in the context of the description given by the alleged victim. The alleged victim indicated that the defendant looked Puerto Rican and was wearing a goatee. Two of the individuals within the photo array with the defendant had goatees. Furthermore, there is no evidence indicating that the alleged victim identified the defendant solely because he had chin hair.

A prior photo array presented to the victim by officer Hooper (Exhibit #2) also had six photographs. One of the six individuals had chin hair, and three others had goatees. If the chin hair were the deciding factor, then the victim would have identified photo #3 in the first photo array presented to him. As a result of two photo arrays presented to the victim, twelve photos were presented to be viewed. The defendant's photo was not suggestive. The ages of the persons in the photos, the various facial hair configurations worn by the persons, the coloring of the individuals, the clothes worn by the individuals, and the overall presentation of the photos did not present a procedure that suggested to the victim that the defendant was the perpetrator. The defendant has failed to prove by a preponderance of the evidence that the line-up was unnecessarily suggestive.

For the reasons stated above, the court hereby denies the defendant's Motion to Suppress Identification.

DATED: 2-24-05

Joseph M. Jabar
Justice, Maine Superior Court

2

SUPERIOR COURT
SOMERSET, ss.
Docket No   SKOSC-CR-2004-00180

DOCKET RECORD

DOB: 12/15/1983
Attorney: PAUL SUMBERG
          WRIGHT & MILLS PA
          263 WATER STREET
          PO BOX 9
          SKOWHEGAN ME 04976-0009
          APPOINTED 06/24/2004

State's Attorney: JAMES MITCHELL

Filing Document: INDICTMENT
Filing Date: 06/24/2004

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   ROBBERY
Seq 4293   17-A   651(1)(C)                           02/19/2004 FAIRFIELD
    JENNINGS            / FAI           Class A

2   AGGRAVATED ASSAULT
Seq 629    17-A   208(1)(A)                            02/19/2004 FAIRFIELD
    JENNINGS            / FAI           Class B

## Docket Events:

06/24/2004 FILING DOCUMENT -  INDICTMENT FILED ON 06/24/2004

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 06/24/2004

06/24/2004 TRANSFER -  BAIL AND PLEADING GRANTED ON 06/24/2004

06/24/2004 Party(s):  DANE W PAQUETTE
           ATTORNEY -  APPOINTED ORDERED ON 06/24/2004

           Attorney:  PAUL SUMBERG
06/24/2004 Charge(s): 1,2
           HEARING -  ARRAIGNMENT SCHEDULED FOR 07/09/2004 @ 1:30

           IN DISTRICT COURT
06/24/2004 Charge(s): 1,2
           HEARING -  ARRAIGNMENT NOTICE SENT ON 06/24/2004

07/16/2004 Charge(s): 1,2
           HEARING -  ARRAIGNMENT CONTINUED ON 07/09/2004

           DEFENDANT IN INCARCERATED IN KENNEBEC COUNTY JAIL - NEEDS WRIT ISSUED.     SET FOR
           HEARING.
07/16/2004 Charge(s): 1,2
           HEARING -  ARRAIGNMENT SCHEDULED FOR 08/11/2004 @ 8:30

07/16/2004 Charge(s): 1,2